IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JULIA A. BURGIN                                                                                              PLAINTIFF

V.                                                                             CIVIL ACTION NO. 1:09CV239-B-D

LOWNDES COUNTY, MISSISSIPPI, AND
COLUMBUS/LOWNDES COUNTY E911
TELECOMMUNICATIONS                                                                                    DEFENDANTS

## ORDER DENYING SUMMARY JUDGMENT

This cause comes before the court upon the defendants' motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court finds that the motion is not well taken and shall be denied.

Plaintiff Julia Burgin alleges that she was wrongfully terminated from her employment as night shift supervisor for the Columbus/Lowndes County E911 service because of her race. The defendants contend that Burgin cannot establish a prima facie case and cannot show that the defendants' stated legitimate, non-discriminatory reason for her termination is pretext.

Employment discrimination claims are analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, in order to survive summary judgment, the plaintiff must establish a prima facie case of racial discrimination. *Id.* at 802. If the plaintiff meets this burden, a presumption of discrimination arises, and the employer must proffer a legitimate, non-discriminatory reason for its actions or decisions. *Id.* If the employer is able to do so, the burden shifts back to the plaintiff, who must prove at "'a new level of specificity' that the reasons articulated by the employer are not true reasons but only pretexts." *Thornbrough v. Columbus & Greenville R.R.*, 760 F.2d 633, 639 (5th

Cir. 1985) (quoting *United States Postal Service Bd. of Governors v. Aikens*, 450 U.S. 248, 253-54 (1981)).

"Although the *McDonnell Douglas* framework shifts the burden of production between the plaintiff and the defendant, 'the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Pierce v. Texas Dept. of Transportation*, No. 3:01CV2098-AH, 2002 WL 31757635, at *3 (N.D. Tex. Dec. 4, 2002) (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

The necessary elements of a prima facie case are not inflexible. Rather, they vary depending upon the facts of the particular case. *Thornbrough*, 760 F.2d at 641. A plaintiff may present a prima facie case of race discrimination by showing that she is a member of a protected class; that she is qualified for the position; that she experienced an adverse employment decision; and that she was replaced by a person outside the protected class or was treated less favorably than employees outside the protected class. *McDonnell Douglas*, 411 U.S. at 802. "To establish a prima facie case, a plaintiff need only make a very minimal showing." *Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 41 (5th Cir. 1996) (quoting *Thornbrough*, 760 F.2d at 639).

The defendants in the present case assert that the plaintiff cannot establish a prima facie case because she cannot show that she was replaced by a person outside her protected class. While it is true that the plaintiff is a black female and a black female was subsequently hired by the defendants, the record is clear that this person was not hired to fill the plaintiff's position. Sheri Fancher, Director of Lowndes County E911, stated in her affidavit as follows:

> Ms. Burgin's position was not formally replaced until June 16, 2010. At that time, Joyce White was promoted to night shift supervisor. Ms. White is a white

> female whose date of birth is December 27, 1965. Shalonda Singleton was promoted to day shift supervisor on June 16, 2010. Ms. Singleton replaced Jim Crownover. . . . Singleton is a black female whose date of birth is January 12, 1982.

Fancher's unequivocal language helps the plaintiff establish her prima facie case. Further, the plaintiff has directed the court to circumstantial evidence of disparate treatment and disputed accounts of Burgin's involvement with the 911 call from her neighborhood. Unresolved questions of fact are present in this case, and summary judgment is inappropriate.

For these reasons, the defendants' motion for summary judgment should be and the same is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this, the 29th day of November, 2010.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**